### MULLEN v. KENNEDY.

SPECIFIC PERFORMANCE OF CONTRACT TO SELL REALTY NOT DECREED, WHEN.

Equity will not decree specific performance to a purchaser of three separate lots where he brings action for possession of only one of them, and later, after the value of the lots has materially increased, offers to take all three lots.

[For other cases in point, see 7 Cyc. Dig., "Specific Performance," §§ 1-7.— Ed.]

[Syllabus approved by the court.]

APPEAL from Hamilton common pleas court.

**C. M. Leslie,** for plaintiff.

**Shay & Cogan,** for defendant.

**SWING, J.**

This is an action for specific performance. It appears that Kennedy as executor employed Theo. Mayer & Bro. to sell certain real estate in the city of Cincinnati. It was bought as one tract of land, but was offered and sold in separate lots on the same day to the same person, to wit, the plaintiff. Suit is brought to compel the sale of only one of the lots bid off.

This is an action in equity and the relief asked for is not granted as a matter of right, but only on equitable principles. We do not think it would be equitable to compel the defendant to convey one lot to the plaintiff and relieve her from taking the other two lots. She should not be permitted to pick out one lot and say she would take that, but not the others. This is in effect what she did. On the trial of the case in this court, plaintiff testified that she was willing and able to take the other two lots, but this comes too late. This action was brought more than two years ago, and since then the value of these lots is probably greatly enhanced and this may be the reason why she is now ready to take the other two lots. If she wanted to insist on carrying out the contract of sale as alleged to have been made between the parties, it was only right that she should have demanded that the whole contract should be performed and not a part, for while the tract of land was sold in different lots, it was really one piece of property and sold at one time.

The petition will be dismissed.

**Giffen** and **Smith, JJ.,** concur.